IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE MARTIN PARKER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-138 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Willie Martin Parker, Jr., ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments under the Social Security Act. Upon consideration of the briefs submitted by counsel, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

I.   **BACKGROUND**

Based upon claims of disability dating back to January 5, 2003, Plaintiff applied for DBI and SSI with a protective filing date of December 17, 2004. Tr. ("R."), p. 18. The Social Security Administration denied his initial claim and his request for reconsideration. R. 18-21, 169-78. Plaintiff then requested a hearing before an Administrative Law Judge

("ALJ"). R. 22-23. At the hearing Plaintiff, who was represented by an attorney, testified on his own behalf; however, a vocational expert ("VE") did not testify. R. 179-98. Thereafter, on April 21, 2008, the ALJ issued an unfavorable decision. R. 11-17. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has the following severe impairments: hypertension, degenerative disc disease with disc protrusion and canal stenosis, borderline intellectual functioning, and a history of gunshot injury (20 CFR §§ 404.1520(c) and 416.920(c)).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c).[1] The claimant is further restricted to simple, unskilled work. The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC for medium work in conjunction with the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1560(c), 404.1566, 416.960(c), and 416.966). The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

R. 13-17.

When the Appeals Council ("AC") denied Plaintiff's request for review, the

---

[1] Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c) and 416.967(c).

2

Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to review his case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting that the case be remanded to the Commissioner for further consideration. Plaintiff argues that the ALJ: (1) failed to properly assess the credibility of Plaintiff's testimony, as well as other evidence, concerning Plaintiff's symptoms of pain and other limitations, (2) failed to properly assess Plaintiff's RFC, and (3) erred by not employing the use of a VE. Pl.'s Br., p. 3.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial

evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

In his brief, Plaintiff argues that the ALJ erred because he improperly assessed Plaintiff's subjective complaints of pain. As a result, the ALJ failed to

4

properly assess Plaintiff's RFC, and therefore erred in relying exclusively on the Medical-Vocational Guidelines ("the Grids") rather than consulting a VE to determine if there were other jobs in the national economy that he could perform. Pl.'s Br., pp. 7-11. The Commissioner responds that the ALJ properly determined that Plaintiff's subjective complaints of pain were not entirely credible, properly determined Plaintiff's RFC, and thus, the ALJ did not err when he found that a VE was unnecessary and relied exclusively on the Grids to determine that there were jobs in the national economy that Plaintiff could perform. Comm'r Br., pp. 9-15. The Commissioner has the better argument.

### A. The ALJ's Determination of Plaintiff's Credibility

The Court turns first to Plaintiff's argument that the ALJ erred because he improperly assessed Plaintiff's subjective complaints of pain. Pl.'s Br., pp. 7-9. The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed pain or restriction. Id.

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported

by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit has explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks and citations omitted).

Here, the question is not whether the ALJ considered Plaintiff's subjective complaints and then clearly explained his rationale for his credibility determination. Rather, Plaintiff acknowledges the credibility analysis but argues that the ALJ improperly relied on certain factors to question Plaintiff's credibility. Pl.'s Br., pp. 5-7. The Commissioner counters that the ALJ properly analyzed Plaintiff's subjective complaints in light of the entirety of the record evidence and rightly concluded Plaintiff was not credible. Comm'r Br., pp. 9-12. The Commissioner has the better argument.

According to Plaintiff, the record shows that he has daily back pain and he does very little physical activity and he is therefore precluded from performing medium work. Pl.'s Br., p. 7. Plaintiff argues that the ALJ "picked and chose" the evidence he relied on in determining that Plaintiff was capable of medium work. Id. For example, Plaintiff asserts that the record contains an MRI report which documents two disc protrusions at levels L3-4 and L4-5 with dural sac compression

and severe canal stenosis at both levels which not only could cause pain, but does cause Plaintiff's severe low back pain, thereby showing he cannot perform the full range of medium work. Pl.'s Br., p. 6.

Here, the ALJ acknowledged that Plaintiff testified at the hearing that although he has a bullet fragment in his stomach area due to an old gunshot wound, he is unable to return to work due to back pain. R. 15, 189-90. Plaintiff testified that he took non-prescription Tylenol for pain. R. 15, 198. Plaintiff stated that he was unaware of how much weight he was able to lift, but he could lift grocery bags of four to five pounds. R. 15, 195. Plaintiff further stated that prolonged sitting and walking for more than 10 minutes exacerbated his pain. R. 195-96. Next Plaintiff testified that he did some limited household chores and some grocery shopping, but otherwise, Plaintiff sat around watching soap operas on television. R. 15, 194-96.

The ALJ determined that there was evidence of an underlying medical condition constituting a severe impairment. R. 15. The ALJ further found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. R. 15-16. Thus, in discrediting Plaintiff, the ALJ found that, although Plaintiff was diagnosed with lumbar disc protrusion and chronic canal stenosis, the hospital notes indicated that Plaintiff refused surgery and did not show for physical therapy, despite

his complaints of pain.² R. 15, 108-09, 120. In discrediting Plaintiff, the ALJ also relied on the report of the consultative examination performed by Dr. James L. Millen. Upon examination, Dr. Millen opined that Plaintiff had a full range of motion of his hips, knees, and ankles; that the claimant demonstrated normal strength in upper and lower extremities; and that there was no evidence of sensory abnormalities. R. 16, 131-140. Thus, the ALJ acknowledged Plaintiff's back impairment and clearly stated and supported his opinion that Plaintiff's statements concerning the intensity, persistence, and limiting effects of pain were not entirely credible.

Next, Plaintiff argues, "The ALJ also refuted the allegations of the severity of Plaintiff's low back pain by stating that he only takes non-prescription

---

²Plaintiff argues, that in discrediting Plaintiff, the ALJ should not have relied on the fact that Plaintiff opted not to have surgery. His argument misses the mark. The Eleventh Circuit has found that allegations of disabling pain may be discounted because of inconsistencies between such allegations and the availability of medical treatment. See Ellison v. Barnhart, 355 F.3d 1272, 1275-76 (11th Cir. 2003) (finding that the ALJ properly considered the plaintiff's noncompliance with treatment regime as a factor in discrediting his allegations of disability). At the same time, however, an intense fear of surgery may constitute good cause for refusing treatment. SSR 82-59, p. 3; see also Benedict v. Heckler, 593 F. Supp. 755, 760-61 (D.C.N.Y. 1984) (citations omitted) (noting that a "patient's fear of pain, *or fear of the surgery itself*" may be considered in considering whether an individual is justified in refusing surgery" (emphasis added)). However, an individual's fear of surgery must be reasonable. Schena v. Sec'y of Health & Human Servs., 635 F.2d 15, 19 (1st Cir. 1980); see also Jones v. Heckler, 702 F.2d 950, 954-55 (11th Cir. 1983) (citing Schena, 635 F.2d at 19).
Here, there is nothing in the record to indicate Plaintiff had a fear of surgery, let alone that he had a reasonable fear of surgery. In fact, Plaintiff merely states in his brief, "For whatever reason, the Plaintiff was not interested in surgical intervention but he had tried physical therapy without any relief." Pl.'s Br., p. 8. As such, based on case law from the Eleventh Circuit, the ALJ properly relied on Plaintiff's refusal to undergo surgery in discrediting his allegations of disabling pain.

medication." Pl.'s Br., p. 6. More specifically, Plaintiff alleges that he could not afford the prescription medication, and therefore, the ALJ should not have relied on Plaintiff only taking over-the-counter medication to discredit Plaintiff's claims concerning the severity of his pain. Indeed, Plaintiff states, " Plaintiff <u>actually testified</u> that he does not take prescription pain medication because he cannot afford those. . . ." Pl.'s Br., p. 6 (emphasis added). However, a review of the hearing transcript shows that what Plaintiff actually testified was:

> Q: Are you – you're not taking any prescription medicine for your pain, are you?
>
> A: Not at this time. I don't have any way of getting prescription medicine.
>
> Q: Right. Are you taking any type of over the counter medicine?
>
> A: Yes, Aspirin, Tylenol, whatever I can get my hands on.

R. 197-98. Contrary to his argument, Plaintiff did not testify that he could not afford prescription medication, but simply that he had no way of getting prescription medicine.[3] Furthermore, Plaintiff gave no indication of problems paying for his over-the-counter medication.

In sum, the ALJ sufficiently explained his reasons for discounting Plaintiff's credibility. The ALJ's credibility determination was based on the record as a whole, and he adequately articulated the basis for his determination in his written decision.

---

[3] Plaintiff does not provide any explanation as to why he could not get the prescription medication.

9

The ALJ reviewed Plaintiff's medical records and properly considered Plaintiff's own testimony regarding Plaintiff's description of his activities. The ALJ also noted the apparent incongruities between Plaintiff's subjective testimony and the record evidence. Taken in total, it is apparent that the ALJ rejected Plaintiff's subjective complaints after thoroughly evaluating the evidence in the record. Clearly articulated credibility findings such as these, which are supported by substantial evidence, will not be disturbed by a reviewing court. Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*). That the Court might be able to apply a different interpretation to the record evidence than that applied by the ALJ is not sufficient to undermine the ALJ's conclusion on Plaintiff's credibility. Substantial evidence supports the ALJ's conclusion, and therefore, Plaintiff's argument on this point fails.

### B. The ALJ Did Not Err In His RFC Determination

As noted above, the ALJ determined that Plaintiff has the RFC to perform medium unskilled work. R. 14. Plaintiff takes issue with the ALJ's reliance on the opinion of the state agency physician, Dr. George Cross, III, to reach his conclusion that Plaintiff was capable of medium work. Additionally, Plaintiff argues that the ALJ did not consider the cognitive limitations found by clinical psychologist, Dr. Edwin V. Sperr.

#### 1. Reliance on the Opinion of a Non-Examining State Agency Physician

The Court turns to Plaintiff's argument that the ALJ did not base his opinion on substantial evidence because he relied on the opinion of the state agency

consultant, Dr. Cross. Dr. Cross opined that Plaintiff could carry 50 pounds occasionally and 25 pounds frequently. R. 142. He further opined that Plaintiff could stand, walk, and sit, for about six hours in an eight hour day. R. 142.

Plaintiff points out that Dr. Cross reported that Plaintiff's L-spine x-rays were normal, even though Plaintiff had an MRI performed two years prior that indicated Plaintiff had problems in his lower back. Pl.'s Br., pp. 7-9. Additionally, Plaintiff argues that it was improper for the ALJ to rely on Dr. Cross's report because the report did not take into consideration Plaintiff's cognitive limitations, as these limitations were not documented by Dr. Sperr until after Dr. Cross had issued his report.[4] Therefore, Plaintiff argues that it was improper to rely Dr. Cross's opinion to determine his RFC.

Social Security Ruling 96-6p, provides that findings of fact made by State agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. This responsibility to address the opinions of state agency doctors is also codified at 20 C.F.R. § 416.927(f)(2)(i).

In addressing the opinion of Dr. Cross, who determined that Plaintiff can

---

[4]Notably, Dr. Cross evaluated Plaintiff's physical, not cognitive, impairments. Furthermore, for the reasons stated *infra*, Dr. Sperr's limitations concerning Plaintiff's cognitive impairments were considered and applied by the ALJ.

11

perform medium work activities, the ALJ stated:

> Although [Dr. Cross] did not examine [Plaintiff], he provided specific reasons for the opinion about the [RFC] showing that the opinion was grounded in the evidence in the case record including careful consideration of the claimant's allegations about his symptoms and limitations.

R. 16. Thus, the ALJ concluded that Dr. Cross's opinion concerning Plaintiff's functional capacity is substantiated by the medical findings. R. 26. The Court finds that the ALJ properly relied on the opinion of Dr. Cross.

To the extent that Plaintiff argues that Dr. Cross did not take into consideration the medical records/evidence concerning Plaintiff's back impairment, Plaintiff's argument is unavailing.[5] Dr. Cross relied on Dr. Millen's report that provided that Plaintiff had some pain with movement of his legs; but he also had full strength in all extremities and no specific abnormalities on the strait leg raise. R. 142. As noted by the Commissioner, although Dr. Cross did not mention the MRI results in his opinion, the ALJ did consider the MRI separately and relied on Dr. Cross's report as to the limitations caused by Plaintiff's impairments. Thus, there was no error in the ALJ's interpretation of the medical opinions of record.

### 2. The ALJ Did Not Fail To Consider The Cognitive Limitations Found By Dr. Sperr

The Court next turns to Plaintiff's argument that the ALJ did not properly assess Plaintiff's RFC because he failed to consider the cognitive limitations found

---

[5]First, it should be noted that although Dr. Cross did not rely on the MRI (the medical evidence concerning Plaintiff's back impairment), the ALJ did. Indeed, at step 2 of the sequential evaluation process, the ALJ, relying on the MRI, determined that Plaintiff's back impairment was severe.

12

by Dr. Sperr. More specifically, Plaintiff states:

> Dr. Sperr has clearly documented what mental impairments and limitations [] Plaintiff suffers from and the impact they would have on [] Plaintiff's ability to work. The ALJ must properly address and assess the credibility of [] Plaintiff and must consider the entire record in doing so.

Pl.'s Br., p. 9. Here, the ALJ determined that Plaintiff was capable of performing the full range of medium work and is restricted to simple, unskilled work. R. 14. Dr. Sperr's evaluation of Plaintiff provides in pertinent part, "Individuals with similar intellectual skills [as Plaintiff] fare best <u>performing unskilled manual type work tasks</u>." R. 166 (emphasis added). As such, Dr. Sperr's evaluation is not contrary the ALJ's determination that Plaintiff is capable of performing medium work, restricted to simple, unskilled work.[6]

Additionally, contrary to Plaintiff's assertion, the ALJ addressed Plaintiff's issues concerning the severity of his depression, mild mental retardation and illiteracy. The ALJ acknowledged that Plaintiff had poor achievement in school. R. 16, 92-95. Additionally, he acknowledged that an evaluation of Plaintiff by Dr. Sperr revealed that Plaintiff's intellectual IQ was found to be at a borderline range of

---

[6]Dr. Sperr identified a list of limitations that were not specifically addressed by the ALJ. First, it should perhaps be observed that "[i]n all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the Court] to conclude that [the ALJ] considered [the evidence] as a whole.'" Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*) (quoting Foote v. Chater, 167 F.3d 1553, 1558 (11th Cir. 1995)); see also McCray v. Massanari, 175 F. Supp.2d 1329, 1336 (M.D. Ala. 2001) (ALJ not required to discuss every piece of evidence in the record). Second, the limitations listed by Dr. Sperr were simply examples supporting his finding that Plaintiff should be limited to simple unskilled work, a limitation that the ALJ determined appropriate and applied to Plaintiff's RFC.

functioning. R. 163-66. Nevertheless, the ALJ found that Plaintiff had managed to obtain jobs during his teen years and throughout his adulthood at the unskilled level. R. 16. The ALJ also relied on the fact that Plaintiff passed the test to obtain a driver's license, which required Plaintiff to read written questions before answering them. R. 16. As such, the ALJ's finding that Plaintiff has the RFC to perform simple unskilled medium work is supported by substantial evidence.

### C. The ALJ Properly Relied Exclusively On The Grids

At step four of the sequential evaluation process, the ALJ determined that Plaintiff was unable to perform his past relevant work in construction. R. 14. However, the ALJ found that Plaintiff had the RFC to perform medium work, restricted to simple, unskilled work. R. 14. As such, the burden shifted to the Commissioner to show the existence of other types of substantial gainful employment that Plaintiff could perform given his age, education, previous work experience, and residual functional capacity. See Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). In this regard, the ALJ relied exclusively on the Grids, choosing not to obtain the testimony of a VE.

As the Eleventh Circuit ruled:

> The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform. However, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." Therefore, we must determine whether *either* of these two conditions exists in this case. If *either*

14

condition exists, the ALJ was required to consult a vocational expert.

Id. at 1242 (internal citations omitted) (emphasis in original). Therefore, the Grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation. Smith v. Bowen, 792 F.2d 1547, 1554 (11th Cir.1986).

The Grids represent unskilled work. See 20 C.F.R. Pt. 404, Sub. P., Appx. 2, § 200.00(b). Furthermore, "A limitation to simple tasks require[s] no additional treatment from the ALJ because '[u]nskilled work is work which needs little or no judgment to do simple duties that can be leaned on the job in a short period of time.'" Vuxta v. Comm'r of Soc. Sec., 194 Fed. App'x 874, 878 (11th Cir. 2006); see also Clifton v. Astrue, 298 Fed. App'x 855, 856 (11th Cir. 2008) (finding the ALJ appropriately relied on the medical vocational guidelines where he determined the plaintiff could perform a full range of light work, restricted to unskilled work).

Here, Plaintiff, relies on his argument that the ALJ failed to consider Dr. Sperr's findings, and maintains it is uncontradicted that Plaintiff suffers from non-exertional impairment of pain. Pl.'s Br., p. 8. However, for the reasons stated above, the ALJ properly considered the record, including the report of Dr. Sperr. The ALJ properly assessed the credibility of Plaintiff's testimony concerning pain and other limitations, and thus, he properly assessed Plaintiff's RFC. Therefore, the ALJ determined that Plaintiff had the RFC to perform medium work, limited to simple, unskilled work. Additionally, the ALJ did not find that Plaintiff has non-exertional impairments that significantly limit basic work skills. As such, the ALJ did not err

by exclusively relying on the Grids. In sum, the ALJ's opinion is supported by substantial evidence and should not be disturbed.

IV. **CONCLUSION**

For the reasons described above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 29th day of January, 2010, at Augusta, Georgia.

*[signature]*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE